**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

RENATO JOSE DE FARIA,

        *Petitioner,*

    v.

J.L. JAMISON, et al.,

        *Respondents.*

CIVIL ACTION

NO. 26-3856

**ORDER**

**AND NOW**, this 9th day of June, 2026, upon consideration of the Petition for a

Writ of *Habeas Corpus*, (Dkt. No. 1), and the Government's Response in Opposition,

(Dkt. No. 2), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1. **Jose De Faria is not subject to mandatory detention under 8**

    **U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to

    the discretionary provisions of 8 U.S.C. § 1226(a).[1]

---

[1]     In May of 2021, Renato Jose De Faria—a native of Brazil—entered the United States. (Pet. ¶¶ 1, 17, Dkt. No. 1.)  DHS officers detained Ispa, began removal proceedings against him, and released him into the country. (*Id.* ¶ 18.)  He then moved to Riverside, New Jersey, but immigration officials arrested him around June 3, 2026. (*Id.* ¶¶ 2, 19, 21.)  He was sent to the Philadelphia Federal Detention Center, where he is currently detained under § 1225(b)(2) and thus without a bond hearing.  *See* (*Id.* ¶¶ 2, 5, 22.)

    Jose De Faria filed a federal *habeas* petition on June 4, 2026, alleging violations of the Immigration and Nationality Act, the Administrative Procedure Act, and due process. (*Id.* at 12–17.)  He seeks an order to prevent his transfer outside the Eastern District of Pennsylvania, declare his detention is unlawful, and immediately release him or alternatively conduct a bond hearing. (*Id.* at 16–18.)  The Government claims he is lawfully detained. (Gov't Resp. in Opp'n at 5–8, Dkt. No. 2.)

    The Court disagrees with the Government for the reasons stated in *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) and *Alekseev v. Warden*, No. 26-462, 2026 WL 413439 (E.D. Pa. Feb. 13, 2026).  Jose De Faria was already in the United States—not "seeking admission" as § 1225(b) requires—when immigration officials detained him.  Because the Government did so him under § 1226(a) and not § 1225(b)(2), it must afford him the opportunity to seek bond at a hearing before an immigration judge.  *See Demirel*, 2025 WL 3218243, at *5.  The Court need not address his APA or due process claims.

2.   **On or before June 16, 2026**, the current Director of Immigration and Customs Enforcement for the Philadelphia Field Office shall provide Jose De Faria with a bond hearing in accordance with 8 U.S.C. § 1226(a).

3.   Should the immigration judge deny bond, Jose De Faria may appeal that decision to the Board of Immigration Appeals.

BY THE COURT:

*/s/ Gerald J. Pappert*
Gerald J. Pappert, J.